**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAUL SCHMIDT, DANIEL FISHER, and GLENN WHITE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| VILLAGE OF GLENWOOD, an Illinois municipal corporation; KERRY DURKIN, in his capacity and Mayor of the Village of Glenwood, and DEMITROUS COOK, in his capacity as the Chief of Police for the Village of Glenwood, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

Now Comes Plaintiffs, PAUL SCHMIDT, DANIEL FISHER, and GLENN WHITE (collectively, "Plaintiffs"), by their attorneys, Reimer & Karlson, LLC, and allege the following as their Complaint against Defendants, VILLAGE OF GLENWOOD, KERRY DURKIN, and DEMITROUS COOK (collectively, "Defendants"), and seek redress for violation of their federally protected rights. In support thereof, Plaintiffs state as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Plaintiff, Paul Schmidt ("Schmidt"), seeks redress for violation of the Family Medical Leave Act of 1993 ("FMLA"), as well as violations of rights secured by the United States Constitution and Title VII of the Civil Rights Act of 1963 (42 U.S.C. §2000e), pursuant to 42 U.S.C. §§1981 and 1983.

2. Plaintiff, Daniel Fisher ("Fisher"), seeks redress for violations of rights secured by the United States Constitution and Title VII of the Civil Rights Act of 1963 (42 U.S.C. §2000e) ("Title VII"), pursuant to 42 U.S.C. §§1981 and 1983.

3. Plaintiff, Glenn White ("White"), seeks redress for violations of rights secured by the United States Constitution and Title VII of the Civil Rights Act of 1963 (42 U.S.C. §2000e) ("Title VII"), pursuant to 42 U.S.C. §§1981 and 1983.

4. Jurisdiction in this Court is provided by 28 U.S.C. §§1331 and 1343 and 29 U.S.C. §2617(a)(2), as well as supplemental jurisdiction under 28 U.S.C.§1367(a).

5. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391, because the unlawful conduct alleged herein was committed and continues to occur within the boundaries of the Northern District of Illinois.

## PLAINTIFFS

6. Plaintiff Schmidt is an adult white male, a resident of Cook County, and citizen of the State of Illinois.

7. On February 28, 2014, Schmidt filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Glenwood.

8. On August 18, 2014, the EEOC issued a Notice of Right to Sue for Schmidt.

9. Plaintiff Fisher is an adult white male, a resident of Cook County, and citizen of the State of Illinois.

10. On February 28, 2014, Fisher filed Charges of Discrimination with the EEOC alleging race discrimination against Glenwood.

11. On September 23, 2014, the EEOC issued a Notice of Right to Sue for Fisher.

12. Plaintiff White is an adult white male, a resident of Will County, and a citizen of the State of Illinois.

13. On February 28, 2014, White filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Glenwood.

14. On August 18, 2014, the EEOC issued a Notice of Right to Sue for White.

15. Plaintiffs were all employed by Defendant, VILLAGE OF GLENWOOD ("Village"), as sworn full-time police officers, each holding the rank of patrol officer.

## DEFENDANTS

16. Defendant, Village, is a municipal corporation organized under the laws of the State of Illinois, and is an "employer" for purposes of FMLA and Title VII, because it engages in commerce or in any industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar work weeks.

17. Defendant, KERRY DURKIN ("Durkin"), is the mayor of the Village. As mayor, Durkin exerted supervisory control over White, Schmidt, and Fisher and made decisions relating to the employment of Plaintiffs.

18. Defendant, DEMITROUS COOK ("Cook"), is the chief of police for the Glenwood Police Department ("GPD"). As the chief of police, Cook exerted supervisory control over White, Schmidt, and Fisher and made decisions relating to the employment of Plaintiffs.

## BACKGROUND

19. Schmidt received his probationary appointment as a police officer by the Village in July 2002. Schmidt received his regular appointment as a police officer in January 2004.

20. Fisher received his probationary appointment as a police officer by the Village in September 2002. Fisher received his regular appointment as a police officer in March 2004.

21. White received his probationary appointment as a police officer by the Village in September 2002. White received his regular appointment as a police officer in March 2004.

22. During all relevant times, Plaintiffs were employed, in good standing, with the Village and were eligible for promotion from the rank of patrolman to sergeant.

23. Plaintiffs are members in good standing of the Metropolitan Alliance of Police, Chapter No. 612 ("MAP #612"), the labor union representing the professional full-time police officers holding the rank of Sergeant and below who are employed by the Village.

24. Schmidt has served as Trustee for the Glenwood Police Pension Fund, since 2008.

25. Fisher has served as the Recording Secretary for MAP #612, since 2011.

26. White has served as the President of MAP #612, since 2010.

27. Consistent with the policies and procedures of the Village and the Collective Bargaining Agreement between the Village and MAP #612, the Village maintains a list of patrolmen eligible for promotion to Sergeant ("Sergeant's List").

28. The process for completing promotional examinations is defined and proscribed by the Rules and Regulations of the Board of Fire and Police Commissioners of the Village of Glenwood ("BFPC Rules & Regulations"). Section 1 of Chapter IV – Promotional Examinations, states:

> The Board, by its rules, shall provide for promotion in the Police and Fire Departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to examination. Probationary police officers and fire fighters shall ineligible to test for promotion during their probationary period. All promotions shall be made from the three (3) individuals having the highest rating, and where there are less than three (3) names on the promotional eligibility register, as

4

originally posted, or remaining thereon after appointments have been made there from, appointments to fill existing vacancies shall be made from those names or the name remaining on the promotional register. The method of examination and the rules governing examinations for promotion are specified below. The Board shall strike off the names of candidates for promotional appointment after they have remained thereon for more than three (3) years, provided there is no vacancy existing which can be filled from the promotional register. For the purpose of determining that a vacancy exists, the Board must have received notice from the appropriate corporate authorities to fill an existing vacancy prior to the date the name(s) are to be stricken from a promotional eligibility register. Each weighted component of the examination process shall be based upon a scale of l to 100.

    a) The final Promotional Examination score shall be determined as follows:

| Examination | Weight |
|---|---|
| Written Test Score | 45% |
| Oral Test Score | 45% |
| Department Merit and Efficiency | 10% |
| (based on scale of 1 -100) maximum of 10 points | |

Seniority
    1/2 point per year for each full year of service on the Glenwood Police or Fire Department up to a maximum of five (5) points.

29. The Merit and Efficiency score, comprising ten percent (10%) of the overall score a candidate receives is commonly known as "Chief's Points."

30. The BFPC Rules & Regulations, which require a score based on a scale of one (1) to (100) for Chief's Points, does not provide for a score of zero (0) points.

31. Prior to the expiration of a Sergeant's List, the Village traditionally completes the promotional examination testing and interview process to create a new Sergeant's List.

32. On or after December 1, 2012, the Village administered a promotional examination for the rank of Sergeant.

33. As part of the promotional examination, Cook, created a system measuring productivity for calculating the Chief's Points for each officer completing the Promotional Examination.

5

34. Cook collected productivity data for all officers completing the Promotional Examination, including the number of parking tickets issued, felony arrests, state traffic tickets, misdemeanor arrests, driving under the influence arrests, local ordinance violations, and warrant arrests (collectively, "Productivity Measures").

35. Cook calculated an average score based for each shift, and awarded ten (10) Chief's Points to each officer whose Productivity Measure score was above the average and zero (0) points to each officer whose Productivity Score was below the average for their shift.

36. In awarding Chief's Points, Cook awarded either zero (0) or ten (10) points, based on his criteria.

37. Cook awarded zero (0) points to Schmidt, Fisher, and White.

38. Cook did not account for any inconsistencies in the application of the Productivity Measures by each of the sergeants on the different shifts.

39. Prior to posting the results of the promotional examination Cook and/or Durkin made statements relating to "a need to have some black Sergeants" and other similar comments.

40. Prior to posting the results of the promotional examination Cook expressed an interest in having more African-American police department's supervisory officers, conveying an intent to promote candidates to the rank of Sergeant based on race, regardless of merit.

41. The results of the promotional examination were posted, by Cook, on or about January 29, 2013.

42. On or about April 2, 2013, the Village created three (3) new sergeant's positions in the Police Department.

43. On or about May 7, 2013, the Village promoted three (3) patrolman police officers to the rank of Sergeant, from the list posted on or about January 29, 2013.

44. Neither Schmidt, Fisher, nor White were among the patrolmen promoted to the rank of Sergeant.

## COUNT I
## VIOLATION OF THE FMLA (Schmidt)

45. Plaintiff, Schmidt reinstates and re-allege by reference herein to Paragraphs 1 through 44 as though fully stated herein.

46. Section 2612(a) (1)(D) of the FMLA provides:

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:…
 (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. §2612.

47. Section 2614 (a)(1) of the FMLA provides:

Except as provided in subsection (b) of this section, any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave:
    (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
    (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. §2614.

48. In August 2012, Schmidt informed representatives of the Village he was suffering from a serious medical condition requiring surgery, followed by a lengthy recovery period.

49. Based on his serious medical condition, Schmidt was on approved leave between August 2012 and November 2012.

50. Prior to August 2012, Schmidt was eligible for leave under FMLA, as he had been employed for at least 1,250 hours of service during the twelve (12) month period immediately preceding the commencement of his leave due to a serious health condition.

7

51. At no time did any representatives of the Village provide Schmidt with any forms or other documentation required by FMLA for Schmidt to seek a leave of absence under FMLA.

52. The Defendants used Schmidt's approved medical leave, necessitated by a serious medical condition, as a basis to prevent Schmidt from qualifying for promotion to the rank of Sergeant in January 2013.

53. In calculating Schmidt's Productivity Measures, Cook intentionally included the period during which the Village had placed Schmidt on approved leave for Schmidt's serious medical condition.

54. As a result of Cook's intentional, discriminatory, and malicious acts toward Schmidt, Schmidt's Productivity Score was below the average, resulting in Schmidt receiving zero (0) Chief's Points.

55. The Defendants violated the provisions of the FMLA by preventing Schmidt from qualifying for promotion to the rank of Sergeant in May 2013.

WHEREFORE, Plaintiff, Paul Schmidt, prays for the following relief against the Defendants:

A. Enter an order commanding Defendants to immediately promote Schmidt to the rank of Sergeant, effective retroactively to May 7, 2013;
B. Award Schmidt lost back-pay in an amount equal to the amount of the difference between the salary of a patrolman and a sergeant;
C. Award Schmidt damages, as provided by the FMLA;
D. Award Schmidt attorney's fees and costs, as provided by the FMLA;
E. Award Schmidt pre-judgment interest calculated at the prevailing rate;
F. Award Schmidt all money damages necessary to make him whole; and
G. Grant such other relief as this Court deems just and appropriate.

## COUNT II
## 42 U.S.C. §1983 – First Amendment (Fisher and White)

56. Plaintiffs Fisher and White reinstate and re-allege by reference herein to Paragraphs 1 through 44 as though fully stated herein.

57. The First Amendment to the United States Constitution guarantees Fisher's and White's right to speak and seek redress on matters of public concern without fear of unjust retaliation.

58. Fisher and White engaged in protected speech and undertook protected actions on matters of public concern, to wit, Fisher and White sought redress before the Illinois Labor Relations Board against the Village in order to resolve unfair labor practices employed by the Village relating to bargaining over the collective bargaining agreement between the Village and MAP #612.

59. Fisher and White engaged in protected speech and undertook protected actions on matters of public concern, to wit, Fisher and White disagreed with the promotional process on behalf of their fellow officers and the union members they represent. They objected to the system by which Cook determined how "Chief's points" would be awarded.

60. Fisher and White engaged in protected speech and undertook protected actions on matters of public concern, to wit, Fisher and White disagreed with the promotional process on behalf of their fellow officers and the union members they represent. On behalf of the Union, Fisher and White rejected the Village's demands to settle a successor collective bargaining agreement on the terms dictated by the Village. Fisher and White, as the Union's representatives, demanded arbitration to resolve the impasse over the successor collective bargaining agreement.

61. In direct retaliation for Fisher's and White's protected speech and activities, and association with the Union, Defendants subjected Fisher and White to adverse actions that would deter a person of ordinary firmness from exercising similar rights.

62. Cook, Durkin, and the Village formally and informally participated in, and exerted influence over, the promotion process for sergeants in the Village police department, and

knowingly deprived Fisher and White of their property interests as guaranteed by law – namely in being promoted to the rank of sergeant. At all relevant times, Fisher's and White's right to speak and seek redress in a court of law were clearly established.

63. Defendants knew or reasonably should have known that they were violating Fisher's and White's clearly established rights by retaliating against them in their public employment.

64. The Defendants' misconduct was taken with malice, willfulness, and reckless indifference to Fisher's and White's rights and the rights of others.

65. As a result of the Defendants' unconstitutional conduct, Fisher and White have suffered pain and injury, including loss of income and damage to reputation, as well as emotional distress.

WHEREFORE, Plaintiffs, Daniel Fisher and Glenn White, pray for the following relief against the Defendants:

- A. Enter an order commanding Defendants to immediately promote Fisher and White to the rank of Sergeant, effective retroactively to May 7, 2013;
- B. Enter judgment in favor of Fisher and White and against Defendants, declaring Defendants violated Fisher's and White's constitutional rights;
- C. Award Fisher and White lost back-pay in an amount equal to the amount of the difference between the salary of a patrolman and a sergeant;
- D. Award Fisher and White compensatory damages in an amount to be proven at trial, plus reasonable attorney's fees and costs; and
- E. Grant such other relief as this Court deems just and appropriate.

### COUNT III
### 42 U.S.C. §1983 – Equal Protection (Schmidt, Fisher, and White)

66. Plaintiffs reinstate and re-allege by reference herein to Paragraphs 1 through 44 as though fully stated herein.

67. Plaintiffs are members of a vulnerable class of public employees who have spoken out or taken legal action on matters of public concern. Plaintiffs have been victimized

unjustly and unreasonably by Defendants based on their membership in the class and based on their race.

68. Plaintiffs were treated differently from other similarly-situated individuals.

69. The different treatment of Plaintiffs was intentional and arbitrary, motivated by invidious and discriminatory purpose, and was not rationally related to any legitimate government interest.

70. The misconduct perpetrated by Defendants was undertaken with malice, willfulness, and reckless indifference to the Plaintiffs' rights and the rights of others.

71. As a result of Defendants' unconstitutional conduct, Plaintiffs have suffered pain and injury, including loss of income and damage to reputation, as well as emotional distress.

WHEREFORE, Plaintiffs, Paul Schmidt, Daniel Fisher, and Glenn White, pray for the following relief against the Defendants:

A. Enter an order commanding Defendants to immediately promote Plaintiffs to the rank of Sergeant, effective retroactively to May 7, 2013;
B. Enter judgment in favor of Plaintiffs and against Defendants, declaring Defendants violated Plaintiffs' constitutional rights;
C. Award Plaintiffs lost back-pay in an amount equal to the amount of the difference between the salary of a patrolman and a sergeant;
D. Award Plaintiffs compensatory damages in an amount to be proven at trial, plus reasonable attorney's fees and costs; and
E. Grant such other relief as this Court deems just and appropriate.

## COUNT IV
## 42 U.S.C. §1981 – Race Discrimination (Schmidt, Fisher, and White)

72. Plaintiffs reinstate and re-allege by reference herein to Paragraphs 1 through 44 as though fully stated herein.

73. Plaintiffs are members of a vulnerable class of public employees who have spoken out or taken legal action on matters of public concern. Plaintiffs have been victimized

unjustly and unreasonably by Defendants based on their membership in the class and based on their race.

74. Plaintiffs were treated differently from other similarly-situated individuals.

75. The different treatment of Plaintiffs was intentional and arbitrary, motivated by invidious and discriminatory purpose, and was not rationally related to any legitimate government interest.

76. The differential treatment of Plaintiffs was, and is, a direct violation of the Village's employment policies, which expressly prohibit harassment and intimidation of any employee.

77. The misconduct perpetrated by Defendants was undertaken with malice, willfulness, and reckless indifference to the Plaintiffs' rights and the rights of others.

78. As a result of Defendants' unconstitutional conduct, Plaintiffs have suffered pain and injury, including loss of income and damage to reputation, as well as emotional distress.

WHEREFORE, Plaintiffs, Paul Schmidt, Daniel Fisher, and Glenn White, pray for the following relief against the Defendants:

A. Enter an order commanding Defendants to immediately promote Plaintiffs to the rank of Sergeant, effective retroactively to May 7, 2013;
B. Enter judgment in favor of Plaintiffs and against Defendants, declaring Defendants violated Plaintiffs' constitutional rights;
C. Award Plaintiffs lost back-pay in an amount equal to the amount of the difference between the salary of a patrolman and a sergeant;
D. Award Plaintiffs compensatory damages in an amount to be proven at trial, plus reasonable attorney's fees and costs; and
E. Grant such other relief as this Court deems just and appropriate.

## COUNT V
### Discrimination in Violation of Title VII (Schmidt, Fisher, and White)

79. Plaintiffs reinstate and re-allege by reference herein to Paragraphs 1 through 44 as though fully stated herein.

80. Defendants have intentionally discriminated against Plaintiffs in violation of Title VII by engaging in the following acts: refusing to award any Chief's Points based on Plaintiffs' race; promoting other patrolman over Plaintiffs based on race; and failing to provide fair evaluations of Plaintiffs.

WHEREFORE, Plaintiffs, Paul Schmidt, Daniel Fisher, and Glenn White, pray for the following relief against the Defendants:

A. Enter and order commanding Defendants to immediately promote Plaintiffs to the rank of Sergeant, effective retroactively to May 7, 2013;
B. Enter judgment in favor of Plaintiffs and against Defendants, declaring Defendants violated Plaintiffs' constitutional rights;
C. Award Plaintiffs lost back-pay in an amount equal to the amount of the difference between the salary of a patrolman and a sergeant;
D. Award Plaintiffs compensatory damages in an amount to be proven at trial, plus reasonable attorney's fees and costs; and7
E. Grant such other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues of facts and damages in this action, pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ Evan J. Haim
One of Plaintiffs' Attorneys

Keith A. Karlson
Evan J. Haim
REIMER & KARLSON LLC
15 Spinning Wheel Road #310
Hinsdale, Illinois 60521
630-654-9547